IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEMILO TORRES, | : | |
|     Plaintiff, | : | 1:18-cv-1281 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| CO. MADARAS, *et al.*, | : | |
|     Defendants. | : | |

## **MEMORANDUM**

## **August 27, 2018**

Presently before the court is a civil rights complaint pursuant to 42 U.S.C. § 1983, filed by Josemilo Torres ("Torres" or "Plaintiff"), a state inmate currently housed at the State Correctional Institution at Mahanoy ("SCI-Mahanoy"), Frackville, Pennsylvania. Named as defendants are CO. Madaras ("Madaras"), Superintendent DelBalso ("Delbaso"), and John E. Wetzel ("Wetzel"). Torres seeks to proceed *in forma pauperis*. (Doc. 6.) For the reasons that follow, the motion to proceed *in forma pauperis* will be granted for the sole purpose of the filing of the action and the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.    **STANDARD OF REVIEW**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) if "the

action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. Cty of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Torres proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

## II. TORRES' COMPLAINT

Torres alleges that on June 14, 2018, following an incident in the dining room, Defendant Madaras accused him of harassment, refusing to obey an order and assault. (Doc. 1, pp. 3-5). He further alleges that Madaras lied under oath, presumably during his disciplinary hearing. He seeks monetary relief in the amount of $100,000.00. (*Id.* at 6).

## III. DISCUSSION

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87. This rationale was later extended to disciplinary proceedings. *Edwards v. Balisok*, 520 U.S. 641 (1997). As such, an inmate may not bring a civil rights action related to an inmate disciplinary proceeding without first challenging and overturning, *via* appropriate proceedings, the disciplinary hearing in question. *Id.* at 646–47. To summarize, "a state prisoner's § 1983 action is barred (absent prior invalidation—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— if success in that action would necessarily demonstrate the invalidity of the confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

It is clear that at the time Torres commenced this action he had not undertaken any efforts to challenge the disciplinary proceedings. And there is no indication that the disciplinary proceedings have been overturned or rendered invalid. Since any award in Torres' favor would necessarily imply the invalidity of the underlying disciplinary proceedings, he cannot pursue a civil rights action under 42 U.S.C. § 1983. Instead, following exhaustion of his administrative remedies, his proper avenue of recourse in the federal courts is a petition for a writ of habeas corpus.

## IV. **CONCLUSION**

Based on the foregoing, Torres' complaint "lacks an arguable basis either in law or fact." *Neitzke*, 490 U.S. at 325. Under the circumstances, the Court is confident that service of process is not only unwarranted, but would waste the increasingly scarce judicial resources that §1915 is designed to preserve. *See Roman v. Jeffes*, 904 F.2d 192, 195 n. 3 (3d Cir.1990). Accordingly, the complaint will be dismissed as frivolous.

An appropriate Order follows.